THE B. C. R. & M. R. Co. v. THE COUNTY OF BENTON.

1. **Res Adjudicata:** COMPROMISE DECREE: ESTOPPEL. A compromise decree, entered in an action to recover on a contract, was held not to estop the defendant from denying the performance of the contract by the plaintiff in a subsequent action thereon.

2. **Contract:** COUNTY: WAIVER. Where a contract required a vote of the electors to render it binding on a county, it was held that its performance by the other party could not be waived, nor the county estopped from denying such performance, by the action of its board of supervisors in making payments thereunder.

*Appeal from Benton Circuit Court.*

SATURDAY, APRIL 23.

ACTION in equity. The petition was dismissed and the plaintiff appeals.

*Traer & Burnham* and *W. A. Tewksbury*, for appellant.

*J. D. Nichols* and *Gilchrist & Haines*, for appellee.

SEEVERS, J.—Because it will conduce to brevity it will be conceded the plaintiff and defendant, in 1866, entered into a contract which was adopted by a vote of the electors of the county as provided by law.

Among other things the defendant agreed in said contract it would "transfer and convey" to the plaintiff "all of the right, title, and interest (of the defendant) of, in, and to all the swamp and overflowed lands in said county of Benton, and also all the proceeds of the sales of said lands now in the possession of the said county of Benton, or hereafter to be received by said county from the general government, or otherwise, or to which said county may be entitled, after all cost and expense of selecting and proving up said lands have been paid."

In consideration of the foregoing, the plaintiff agreed to

"build and operate, by running cars thereon, a railroad from Cedar Rapids   *   *   *   *   via. Vinton to the west line of and through the said county of Benton, on or before the 31st day of December, 1867," and if said railroad was not "graded ready for the ties and iron, by the time above stated, to the west line of said county and the cars running as far as Vinton on or before the first day of September, 1867, then this contract shall be null and void; and all rights and interests in said lands," acquired by the plaintiff under said contract, "shall be forfeited."

In 1870 an action was brought by the plaintiff against the defendant on this contract, and in 1872, in accordance with a stipulation of the parties, a decree was entered requiring the defendant to convey to the plaintiff certain described lands as enuring to it under the contract.

Afterward the defendant's board of supervisors conveyed certain other lands to the plaintiff, and it was paid certain money as belonging to it under the contract.

Afterward the defendant received from the general government about $8,000, as the net proceeds of swamp lands which had been sold. This action is brought to recover said money, and the plaintiff pleaded the proceedings, including the decree, in the former action, the conveyance of said land, and payment of said money, as an estoppel, and claimed the defendant could not, in this action, rely on the fact the plaintiff had not performed said contract on its part in bar of a recovery.

The plaintiff, however, in an amended petition alleged it had "performed the conditions of said contract on its part to be performed."

The answer denied the allegations of the petition and alleged the said decree was rendered as a settlement and compromise of the then pending action; that the cause of action was indivisible, and that plaintiff was estopped from obtaining any additional relief in this action.

I.   There was not, in fact, any adjudication by the court

The B., C. R. & M. R. Co. v. The County of Benton.

in the former action that the plaintiff had performed the con-

**1. RES ADJUDICATA : compromise decree : estoppel.** tract on its part, and was, therefore, entitled to recover, but the decree therein was rendered in consequence of and in accord with a stipulation signed by the attorneys of the parties. The defendant's attorneys derived their authority to enter into said stipulation solely from certain proceedings and resolutions of the defendant's board of supervisors, which were introduced in evidence.

Therefrom it appears the board recognized the pendency of said action, and were advised of the issues pending, and therefrom determined "there is grave doubt" whether the plaintiff "will or will not be able to sustain its claim to said lands, and complete litigation will involve a large expense to said county, and    *    *    *    * having made a careful examination of all the facts and circumstances connected with such claim    *    *    *    * being impressed with the belief that very strong natural equities exist in favor of the claim set up by said railway company, whether they would or would not ultimately be allowed by said court," therefore the attorneys of the defendant were directed to withdraw the defense interposed and allow a decree to be entered upon certain conditions specified by the board. This was done. It is evident, we think, the decree cannot be regarded as an adjudication by the court, but the pending action was thereby settled and compromised, without reference to the question whether the plaintiff had performed the contract on its part, and, therefore, was entitled to recover.

Such a decree cannot have the force and effect of an estoppel, to the extent that the defendant cannot, in this action, insist the plaintiff cannot recover unless it has been established the plaintiff has performed the contract on its part.

II. It is urged there is no issue that the plaintiff failed to perform the contract, therefore the evidence introduced on this subject was immaterial and inadmissible. But, as we have seen, the plaintiff pleaded it had fully performed the

contract on its part, and this was denied by the defendant. This made an issue, and, if material to its recovery, the plaintiff was bound to establish the allegation.

. III. No evidence was introduced by the plaintiff tending to show it had complied with the contract on its part. On the contrary, it is shown the road was not completed to Vinton until more than two years after the time fixed in the contract. It is true, it has been completed, and is now operated through the county to the north line. We do not think this is a substantial performance of the contract on the plaintiff's part, and, therefore, it cannot recover.

IV. Counsel for the plaintiff insist the conveyance of certain land and payment of money by the board of supervisors after the decree in the former action, as enuring to the plaintiff under the contract, estops the defendant from now insisting. the plaintiff did not perform the contract on its part.

2. CONTRACT: county: waiver.

Under the statute in force when the contract was made, the board of supervisors did not have the power to make the contract. It was essential to its validity that it should be adopted by a vote of the electors of the county.

When the plaintiff failed to perform, on its part, the contract became void and of no effect, as therein provided. The board, by no act of theirs, could make it binding thereafter as a contract on the county. Nor could the board waive a compliance with its terms and conditions. This could only be done by the same authority required to enter into the contract. This required the joint action of the board and the electors.

AFFIRMED.